IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LEVAN LAFORREST SANDERS,            )
                                     )
              Plaintiff,             )
                                     )
      v.                             )     1:22CV1027
                                     )
KELLY TOMPSON, et al.,               )
                                     )
              Defendants.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Defendant Edward Bruscino's Motion for Summary Judgment. (Docket Entry 15.) During the time prescribed to file a response to Defendant's motion, Plaintiff Levan Laforrest Sanders filed a document entitled "Discovery Report." (Docket Entry 18.) For the reasons that follow, the undersigned recommends that Defendant's motion be granted.

### I.  BACKGROUND

Plaintiff, a *pro se* prisoner, filed this action alleging an excessive force claim[1] against Defendant[2] surrounding an incident that occurred while he was being fingerprinted at the Guilford County Detention Center (hereinafter "GCDC") as a pretrial detainee on December

---

[1] To the extent Plaintiff asserted other claims and otherwise sought relief against other Defendants, those claims and Defendants have been dismissed. (*See* Docket Entries 3, 5.)

[2] Defendant notes that his name is incorrectly spelled in the Complaint. (*See* Docket Entry 9 at 2.)

20, 2021.  (*See* Compl., Docket Entry 2 at 4.)[3]  More specifically, Plaintiff alleges that Defendant served him a warrant, and "in fingerprinting at [the GCDC] physically assaulted [him], to the point [he] couldn't speak." (*Id.*)  Plaintiff asserts that Defendant beat Plaintiff's head, jaw, and hand "for no reason." (*Id.* at 5.)  Plaintiff further alleges that the incident has caused him to suffer physical and mental health conditions while incarcerated.  (*Id.*)  Plaintiff claims that other officers observed Defendant's use of excessive force, and Plaintiff also informed other officers of Defendant's conduct, including Lieutenant Burns, Officer Thornton, Sargeant Peacock, and Master Officer Southern.[4]  (*Id.* at 7.)

Defendant moves for summary judgment, arguing that Plaintiff failed to demonstrate a genuine issue of material fact and that Defendant should be entitled to judgment as a matter of law.  (Docket Entry 15.)  In support of his motion, Defendant has attached a declaration on his own behalf stating that, as a homicide detective for the Greensboro Police Department, he became familiar with Plaintiff during an investigation of a homicide case in which Plaintiff was a suspect.  (Declaration of Edward Bruscino ¶¶ 3, 5, Docket Entry 16-1.)  During the investigation, Defendant concluded that there was probable cause to arrest Plaintiff, and on December 20, 2021, Plaintiff was arrested at his residence, at which time Defendant was not present.  (*Id.* ¶¶ 6, 8.)  Defendant subsequently interviewed Plaintiff at the Greensboro Police

---

[3] Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[4] Plaintiff also attached a document to his Complaint which appears to reiterate his claims of malicious prosecution against Defendants no longer a party to this action. (*See* Docket Entry 2-1.) In addition, he attached a statement report purportedly signed by Master Officer Southern.  (*Id.* at 2.)  The undersigned construes these documents to address only the claims against Defendants Crump and Tompson.  To the extent they address Defendant Bruscino, the documents do not change the Court's analysis.

2

Case 1:22-cv-01027-CCE-JLW   Document 19   Filed 04/19/24   Page 2 of 9

Criminal Investigation Department after Plaintiff's arrest; Defendant did not accompany Plaintiff to the GCDC at all. (*Id.* ¶¶ 9-11.) Defendant's primary duties are investigating and solving homicide cases; he does not regularly transport arrested individuals or process them at the GCDC. (*Id.* ¶ 4.) Defendant avers that he was not at the GCDC at any time on December 20, 2021, did not participate in any fingerprinting of Plaintiff on that day, and did not participate in any use of force nor observe anyone else use force against Plaintiff on that day. (*Id.* ¶¶ 13, 15-16.)

In addition to Defendant's declaration, he provides the declarations of Master Officer Southern, Lieutenant Burns, and Detention Officer Peacock, all of whom were present at the GCDC on December 20, 2021. (Declaration of Master Officer Joann Southern ¶ 6, Docket Entry 16-3; Declaration of Lieutenant Matrex Burns Sr. ¶ 6, Docket Entry 16-4; Declaration of Detention Officer Roy Peacock ¶ 6, Docket Entry 16-5.) Neither Lieutenant Burns nor Officer Peacock, who are both familiar with Defendant, recall seeing him at the GCDC on December 20, 2021. (Burns Decl. ¶ 11; Peacock Decl. ¶ 11.) While they do not recall being present during fingerprinting, they further attest that at no point during the fingerprinting processing or throughout their shift did they observe Defendant use any force against Plaintiff. (Burns Decl. ¶¶ 7-8; Peacock Decl. ¶¶ 7-8.) Nor did Plaintiff request grievances or report any information about Defendant's alleged conduct to Lieutenant Burns or Officer Peacock. (Burns Decl. ¶¶ 9-10; Peacock Decl. ¶¶ 9-10.) Likewise, while Master Officer Southern does not know Defendant, she too does not recall being present during Plaintiff's fingerprinting but avers that at no point did she observe any Greensboro Police officer or jail deputy use any force against Plaintiff during the fingerprinting processing or throughout her shift. (Southern

3

Decl. ¶¶ 7-8.) In addition, Plaintiff did not request grievances or report anything to her. (*Id.* ¶¶ 9-10.)

## II. DISCUSSION

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met his burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting).

When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-

serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *see also Anderson*, 477 U.S. at 248-49.

Defendant contends that there are no genuine issues of material fact, and he is entitled to summary judgment on all claims because Plaintiff cannot produce sufficient competent evidence in support of the allegations asserted in the Complaint, primarily because the record shows that Defendant was not present during the alleged incident and the prison officials that Plaintiff contends witnessed or knew of the incident do not corroborate these allegations. (Docket Entry 16.) The undersigned agrees.

Plaintiff's excessive force claim is assessed under the Fourteenth Amendment objective reasonableness standard as he was a pretrial detainee during the incident. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (citation omitted)). Under the Fourteenth Amendment, pretrial detainees may not be subject to punishment. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) ("A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether through the use of excessive force, by deliberate indifference to conditions of confinement, or otherwise."). A pretrial detainee seeking to prove an excessive force claim need only show that the officers' use of force was objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). A plaintiff can "prevail by showing that the [defendant's] actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Id.* at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)). The following considerations, among others, may bear on the reasonableness or unreasonableness of the force used:

5

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at 397 (citing *Graham*, 490 U.S. at 396). "As a general matter, a law officer may incur [individual Section] 1983 liability only through affirmative misconduct." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 202 (4th Cir. 2002) (citing *Parratt v. Taylor*, 451 U.S. 527, 535-36 (1981)). Thus, "it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotations and citation omitted).

Regarding the excessive force claim against Defendant in his individual capacity, considering the facts in the light most favorable to Plaintiff, there is no genuine issue of material fact as to whether Defendant used excessive force against Plaintiff during the alleged December 20, 2021, incident. Plaintiff claims that Defendant beat Plaintiff during fingerprinting. (Compl. at 4-5.) However, Defendant offers his own testimony, as well as testimonies from Lieutenant Burns and Officer Peacock, as evidence that he was not present at Plaintiff's fingerprinting at the GCDC, nor at the GCDC at all on that day. (Bruscino Decl. ¶ 13; Burns Decl. ¶ 11, Peacock Decl. ¶ 11.) Furthermore, Defendant avers that he made no physical contact with Plaintiff on the day of the alleged incident, nor engaged in excessive force against him. (Bruscino Decl. ¶¶ 13, 16.) Defendant notes that during discovery, Plaintiff attempted to alter his factual allegations, alleging that Defendant engaged in excessive use of force at Plaintiff's "home" rather than the GCDC. (*See* Docket Entry 16 at 3 n.2 and 5; Docket

6

Entry 16-2 at 7 (Plaintiff stating in response to a request for admission, "[h]e used excessive force at my *home*, during questioning") (emphasis added).) Plaintiff did not properly move to amend his Complaint in accordance with Civil Procedure Rule 15(a), and in any event, Defendant states that he was not present at the time of Plaintiff's arrest at the residence. (Bruscino Decl. ¶ 8 ("I was not present at Plaintiff's residence when he was arrested.").)

In response to Defendant's motion, Plaintiff has not offered any evidence to establish a genuine issue of material fact here. He does not present anything beyond his conclusory self-serving statements in his "discovery report" (Docket Entry 18) filed after Defendant's motion. "At this stage, Plaintiff cannot rely solely upon his allegations and self-serving statements to survive summary judgment." *Fordham v. Keller*, No. 1:13CV617, 2017 WL 1091876, at *7 (M.D.N.C. Mar. 22, 2017); *BNT Ad Agency, LLC v. City of Greensboro*, No. 1:14CV767, 2019 WL 4464955, at *10 (M.D.N.C. Sept. 18, 2019) ("[W]ithout corroborating objective evidence, neither hearsay, nor self-serving statements in an affidavit, will defeat a motion for summary judgment."), *aff'd*, 837 F. App'x 962 (4th Cir. 2020). Plaintiff further alleges that other officers witnessed the use of force and that he reported the incident. (Compl. at 7.) To the contrary, three officials aver that they neither witnessed any such use of force nor received grievances or reports from Plaintiff.[5] (Southern Decl. ¶¶ 8-10, Burns Decl. ¶¶ 8-10, Peacock Decl. ¶¶ 8-10.) Ultimately, Plaintiff has provided no sufficient evidence to

---

[5] To the extent Plaintiff relies on the statement report allegedly signed by Master Officer Southern as corroborating evidence, (*see* Docket Entry 2-1 at 2), Master Officer Southern testified that the signature was not hers and she had not received any use of force grievances from Plaintiff. (Southern Decl. ¶¶ 9-11.) Furthermore, as previously stated, the undersigned concludes that this "statement report" addresses only the claims against Defendants who have already been dismissed. *See supra* note 4.

7

support his claims of excessive force against Defendant or to otherwise defeat Defendant's motion; therefore, summary judgment in favor of Defendant in his individual capacity should be granted. *See Mixson v. Clarke*, No. 7:20CV00240, 2022 WL 4017283, at *5 (W.D. Va. Sept. 2, 2022) ("The district court has an affirmative obligation to prevent factually unsupported claims or defenses from proceeding to trial.") (internal quotations, brackets and citation omitted).

Moreover, to the extent Plaintiff asserts a claim against Defendant Bruscino in his official capacity, this claim also fails. Municipal liability may be established under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff's assertions concerning excessive use of force fall short of alleging or establishing a plausible *Monell* claim. Under *Monell*, a policy, practice, or custom for which a municipality may be held liable can arise in four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (alteration in original) (internal quotations omitted). Here, Plaintiff does not offer allegations of liability under any cognizable theory, nor is there evidence to support such. To the extent he relies on the singular instance of purported misconduct on December 20, 2021, an allegation of a single event is insufficient to establish *Monell* liability. *Owens v. Baltimore City*

8

Case 1:22-cv-01027-CCE-JLW   Document 19   Filed 04/19/24   Page 8 of 9

*State's Att'ys Off.*, 767 F.3d 379, 403 (4th Cir. 2014) ("Sporadic or isolated violations of rights will not give rise to *Monell* liability."); *Duncan v. Pendergrass*, No. 1:19CV459, 2021 WL 11430625, at *6 (M.D.N.C. Dec. 28, 2021) ("[T]here is no evidence in the record suggesting that [jail's medical provider] maintained any policy, practice, or custom that could have caused Plaintiff's alleged inadequate care. Nor is there evidence of a widespread practice of deliberate indifference."), *report and recommendation adopted*, No. 1:19-CV-459, 2022 WL 20014797 (M.D.N.C. Jan. 26, 2022). Thus, to the extent Plaintiff raises a claim against Defendant in his official capacity, the undersigned finds summary judgment in favor of Defendant is also appropriate.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant Edward Bruscino's Motion for Summary Judgment (Docket Entry 15) be **GRANTED**, and this action be dismissed with prejudice.

/s/ Joe L. Webster<br>
United States Magistrate Judge

April 19, 2024
Durham, North Carolina